# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSEPH KRELL,**

    Plaintiff,

    v.                                                                 Case No. 16-CV-951

**NANCY A. BERRYHILL,**
**Acting Commissioner for Social Security,**

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR RECONSIDERATION

Joseph Krell appealed the final decision of the Commissioner of the Social Security Administration denying his claim for a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). Krell argued the ALJ erred in three ways: (1) that the ALJ willfully ignored Seventh Circuit precedents in refusing to allow Krell to see the VE's materials before or during the hearing; (2) that the ALJ erred by excluding a durational requirement from his RFC; and (3) that the ALJ erred in citing Krell's receipt of unemployment benefits as a basis for minimizing his credibility.

On September 11, 2017, I issued a decision reversing and remanding the case. I found the ALJ only erred in finding that Krell's subpoena request failed to comply with the regulations. Presently before me are motions from both parties for reconsideration. The Commissioner moves to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). (Docket # 24.) Krell moves to either alter or amend the judgment under Rule 59(e) or for

relief from judgment under Rule 60(a). (Docket # 25.) For the reasons I explain below, Krell's motion is granted and the Commissioner's motion is denied.

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Under Rule 60(a), a court can correct the record to show what was actually done in the case; however, the rule cannot be used to change the record to reflect what should have been done in the case. *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006).

The Commissioner argues that I should reconsider the decision to remand the case because the court committed both errors of law and fact. (Docket # 24 at 1.) The

2

Commissioner argues that the ALJ denied the subpoena because, in his view, Krell had not sufficiently stated what he intended to do with the subpoenaed information and because Krell's counsel had not shown that the facts he sought could not be proven without issuing a subpoena. (*Id.* at 3.) The Commissioner argues that "[t]he Court's remand order did not consider whether the ALJ's decision to deny the subpoena was independently justified by his reasonable view that Plaintiff had not shown that he *needed* to subpoena the documents to prove his case." (*Id.*)

The Commissioner is incorrect. I addressed both grounds on which the ALJ denied Krell's subpoena request: "Again, the ALJ denied Krell's subpoena request on the grounds that Krell failed to state the important facts that the documents requested and demanded were expected to prove and for failing to indicate why the facts could not be proven without issuing a subpoena." (Docket # 22 at 9.) I specifically considered the fact that the ALJ denied Krell's subpoena request "for failing to indicate why the facts could not be proven without issuing a subpoena" and found that Krell could not challenge the foundation of the vocational expert's testimony without seeing the documents on which he relies. (*Id.*)

The Commissioner cites a decision issued after Krell's decision by Chief Judge William Griesbach in which Judge Griesbach found that an ALJ did not err in denying counsel's request for a subpoena because "this information is publically available and was as accessible to counsel as it was to the VE," thus the ALJ's ruling was reasonable. *Radosevich v. Berryhill*, No. 16-CV-1119, 2017 WL 4119626 (E.D. Wis. Sept. 18, 2017). Judge Griesbach found that "counsel's effort to transform what is intended to be a non-adversarial information proceeding into a *Daubert*-style investigation into vocational evidence would overwhelm an agency already struggling to adjudicate the millions of applications for

disability benefits." *Id.* at *15 (internal quotation and citation omitted). The Commissioner argues that I should follow Judge Griesbach's decision in *Radosevich*.

Judge Griesbach raises an important issue—requiring the VE to produce the information he intends to rely upon at the hearing will increase the time and cost to an already overwhelmed agency. And it is true that many of the sources the VE relies upon are publically available. However, handling the matter on a post-hearing basis, as the Commissioner suggests (Docket # 24 at 5), runs afoul of *Britton v. Astrue*, 521 F.3d 799 (7th Cir. 2008) and *McKinnie v. Barnhart*, 368 F.3d 907 (7th Cir. 2004) that the "the data underlying a VE's testimony must be available on demand to facilitate cross-examination and testing of the VE's reliability." 521 F.2d at 804. As I noted in the decision, the Seventh Circuit has not addressed the interplay between the "available on demand" rule articulated in *Britton* and *McKinnie* with the subpoena requirement articulated in 20 C.F.R. § 404.950(d)(2). Even if the sources on which the VE relies are publically available, this does not allow for meaningful preparation and cross-examination as the Seventh Circuit intended in *Britton* and *McKinnie*. The claimant would have to anticipate which sources the VE intends to rely on at the hearing. This is an issue better resolved by the Seventh Circuit on appeal. Because the Commissioner has failed to meet her burden of showing a manifest error of law or fact, her motion for reconsideration is denied.

Krell also moves for reconsideration, arguing that the remand order failed to limit the scope of remand to the time preceding March 3, 2014. (Docket # 26.) Krell argues that he was only challenging the portion of the ALJ's decision covering the time period from July 26, 2011 to March 3, 2014. (*Id.* at 4.) The ALJ issued a partially favorable decision on March 13, 2015, finding that Krell did not become disabled until March 3, 2014. (Docket #

22 at 1.) Krell obviously does not want to disturb the favorable potion of the ALJ's ruling on remand. Although my remand order did not specifically state the particular time period to be reviewed, I did note that the ALJ had issued a partially favorable decision and stated that Krell only requests a period of disability from July 26, 2011 until March 3, 2014. (Docket # 22 at 1.) Thus, this was the only period of time set forth before me for review. As such, I intended that upon remand, the ALJ would only review the claim for the time period that Krell was found not to be disabled. Thus, I find that it is appropriate to clarify the judgment pursuant to Rule 60(a) that upon remand, the ALJ should only review the claim from July 26, 2011 until March 3, 2014. *See Scalf v. Astrue,* No.10-1192, 2012 WL 2873999, at *3-4 (D.S.C. July 12, 2012). Thus, Krell's motion is granted.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Commissioner's motion for reconsideration (Docket # 24) is **DENIED**.

**IT IS FURTHER ORDERED** that Krell's motion for relief from judgment (Docket # 25) is **GRANTED**. The court clarifies that the scope of review on remand is limited to the period of time between July 26, 2011 until March 3, 2014.

Dated at Milwaukee, Wisconsin this 17th day of November, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge